# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| NEXTERA ENERGY CAPITAL HOLDINGS, INC., NEXTERA ENERGY TRANSMISSION, LLC, NEXTERA ENERGY TRANSMISSION MIDWEST, LLC, and NEXTERA ENERGY TRANSMISSION SOUTHWEST, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>DEANN T. WALKER, Chairman, Public Utility Commission of Texas, ARTHUR C. D'ANDREA, Commissioner, Public Utility Commission of Texas, AND SHELLY BOTKIN, Commissioner, each in his or her official capacity,<br><br>    Defendants. | CIVIL ACTION NO. 1:19-cv-00626 |

## NOTICE REGARDING DEFENDANTS' CONDITIONAL MOTION FOR EXTENSION OF TIME

MAKAN DELRAHIM
Assistant Attorney General

MICHAEL F. MURRAY
Deputy Assistant Attorney General

DANIEL E. HAAR
MATTHEW C. MANDELBERG
    (California Bar No. 281240)
Attorneys, Antitrust Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Office 3229
Washington, D.C. 20530-0001
Tel.: (202) 598-2413
Fax: (202) 514-0536
Email: matthew.mandelberg@usdoj.gov

28 U.S.C. § 517 authorizes the United States to "attend to the interests of the United States in a suit pending in a court of the United States." In its conditional motion for an extension, the State of Texas correctly observes that "it is generally accepted that 28 U.S.C. § 517 permits the United States to file . . . without leave of the Court and with no specific deadline." Defs.' Conditional Mot. for Extension of Time 3, ECF No. 112; *see, e.g.*, *Miami Herald Media Co. v. Fla. Dep't of Transp.*, 345 F.Supp.3d 1349, 1368 (N.D. Fla. 2018) ("There is no time limit set forth in § 517"); *Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp.3d 1315, 1317 (S.D. Fla. 2017) (the United States "does not require the Court's leave" to file). That is what happened in this case: The United States respectfully submitted its Statement of Interest, pursuant to 28 U.S.C. § 517, on September 20, 2019. Statement of Interest of the United States of America, ECF No. 110.

Texas is incorrect insofar as it suggests that the United States is attempting to intervene in this case. The United States is not intervening.[1] Rather, the United States filed its Statement under independent statutory authority because granting Texas's motion to dismiss implicates the interests of the United States in ensuring proper enforcement of the dormant Commerce Clause and in protecting competition in electricity markets. Statement of Interest 1. Furthermore, filing at this early stage of the proceedings affords this Court an opportunity to consider the Statement

---

[1] Although the United States is not intervening, the United States notes that Texas cites *Roeder v. Islamic Republic of Iran*, 195 F. Supp. 2d 140, 158 (D.D.C. 2002), *aff'd*, 333 F.3d 228 (D.C. Cir. 2003), to support its statement that Section 517 "does not permit the United States to intervene in a case." Tex. Conditional Mot. 1. *Roeder* does not stand for that proposition. That case states: "The United States clearly has the authority pursuant to 28 U.S.C. § 517 to move to intervene in a case should it believe that its interests are sufficiently implicated, and has done so on countless occasions." *Roeder*, 195 F. Supp. 2d at 158.

both as it evaluates the current motion to dismiss and, if the motion to dismiss is denied, going forward in this litigation.

Finally, although the Statement afforded the State of Texas seven (7) days to reply, *see* Local Rule CV-7(f)(2), and Texas timely filed a reply brief, Defs.' Reply in Support of Mot. to Dismiss, ECF No. 111, the United States observes that courts at times have granted extensions following the filing of a Statement of Interest of the United States.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MAKAN DELRAHIM<br>Assistant Attorney General |
| Dated: October 1, 2019 | MICHAEL F. MURRAY<br>Deputy Assistant Attorney General |
|  | DANIEL E. HAAR<br>MATTHEW C. MANDELBERG<br>Attorneys, Antitrust Division |
|  | /s/ Matthew C. Mandelberg<br>MATTHEW C. MANDELBERG |
|  | Attorneys for the United States of America |

## **CERTIFICATE OF SERVICE**

I certify that on October 1, 2019, I caused the foregoing to be filed through this Court's CM/ECF filer system, which will serve a notice of electronic filing on all registered users, including counsel of record for all parties.

October 1, 2019 /s/ Matthew C. Mandelberg
*Counsel for the United States*