IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NEXTERA ENERGY CAPITAL HOLDINGS, INC., et al., | § | |
| Plaintiffs, | § | |
| v. | § | 1:19-CV-626-DII |
| DEANN T. WALKER, *in his official capacity as Commissioner of the Public Utility Commission of Texas*, et al., | § | |
| Defendants. | § | |

**ORDER**

On February 26, 2020, the Court issued an order granting Defendants DeAnn T. Walker, Arthur D'Andrea, and Shelly Botkin's, in their official capacities as Commissioners of the Public Utility Commission of Texas (collectively, "Defendants"), Motion to Dismiss, (Dkt. 94), and dismissing Plaintiff NextEra Energy Capital Holdings, Inc., et. al.'s (collectively, "Plaintiffs") complaint, (Dkt. 1), with prejudice. (Order, Dkt. 143). The Court found that Plaintiffs had failed to plead a claim under the Contracts Clause and had failed to plead that SB 1938 violates the Commerce Clause under claims that the law facially discriminates against interstate commerce, has a discriminatory purpose, has a discriminatory effect, or unduly burdens interstate commerce. (*Id.*). In the same order, the Court also denied various motions brought by six parties that wished to intervene in this case. (*Id.*).[1] On the same day, the Court entered final judgment in this case. (Dkt. 144).

[1] The motions were as follows: Motion to Intervene by LSP Transmission Holdings II, LLC (Dkt. 33); Motion to Intervene by Oncor Electric Delivery Company LLC (Dkt. 49); Motion to Intervene by Entergy Texas, Inc. (Dkt. 50); Southwestern Public Service Company's Partially Opposed Motion to Intervene (Dkt. 54); Motion for Leave to Intervene and File Answer by Texas Industrial Energy Consumer (Dkt. 68); Partially Opposed Motion to Intervene by East Texas Electric Cooperative, Inc. (Dkt. 79). The order also denied

On August 30, 2022, the Fifth Circuit issued an opinion affirming in part and reversing in part this Court's order granting Defendants' Motion to Dismiss. *NextEra Energy Capital Holdings, Inc. v. Lake*, 48 F.4th 306, 329 (5th Cir. 2022). The Fifth Circuit affirmed the Court's Contract Clause holding, finding that Plaintiffs had not stated a viable claim under the Contract Clause. *Id.* at 328–29. However, the Fifth Circuit reversed all the Commerce Claims—facial discrimination, discriminatory purpose, discriminatory effect, and undue burden. *Id.* at 329. The Fifth Circuit found that the discriminatory purpose, discriminatory effect, and undue burden claims are plausible and should proceed. *Id.* at 326–28. The Fifth Circuit also reversed the dismissal of the facial challenge, finding that the text of SB 1938 is facially discriminatory. *Id.* at 326. It stated that on remand, "the district court will consider whether the Commissioners can show that Texas has no other means to "advance[] a legitimate local purpose." *Id.* The Fifth Circuit remanded the case for further proceedings consistent with its opinion. *Id.* at 329. On December 11, 2023, the Supreme Court denied a petition for a writ of certiorari as to the Fifth Circuit's opinion. (Dkt. 169).

On December 7, 2022, the Fifth Circuit issued another opinion in this case dealing with the Court's resolution of the motions to intervene. *NextEra Energy Capital Holdings, Inc. v. D'Andrea*, No. 20-50168, 2022 WL 17492273 (5th Cir. Dec. 7, 2022). The Fifth Circuit found that East Texas Electric Cooperative, Inc. ("ETEC"), LSP Transmission Holdings II, LLC ("LSP"), Oncor Electric Delivery Co. LLC ("Oncor"), Entergy Texas, Inc. ("Entergy"), and Southwestern Public Service Co. ("SPS") (collectively, the "Intervenors") all met the standard to intervene as of right. *Id.* at *1. Accordingly, the Fifth Circuit reversed this Court's denial of their motions to intervene and remanded for further proceedings consistent with the opinion.[2]

---

motions by these parties in which they requested leave to file motions or responses to existing parties' motions. (*See* Dkts. 89, 90, 91, 92, 93). The resolution of these motions is not affected by this order.

[2] Proposed intervenor Texas Industrial Energy Consumers did not appeal the denial of its motion to intervene. Accordingly, it is no longer involved in this case on remand.

On January 4, 2024, the Court held a status conference in this case. (Minute Entry, Dkt. 171). The parties represented that the next steps would be for Plaintiffs to file an amended complaint and for Defendants to file an answer. The three Intervenors present at the conference, Oncor, Entergy, and SPS, indicated agreement with this proposal.

Accordingly, **IT IS ORDERED** that the final judgment, (Dkt. 144), is **VACATED**.

**IT IS FURTHER ORDERED** that this Court's order granting Defendants' Motion to Dismiss, dismissing Plaintiffs' complaint, and denying the Intervenors' motions to intervene, (Dkt. 143), is **VACATED IN PART** in accordance with the Fifth Circuit's opinions. Plaintiffs' Contract Clause claim remains dismissed. The portion of the order granting the Motion to Dismiss as to the Commerce Clause claims is vacated. Plaintiffs' complaint is reinstated as to the Commerce Clause claims. The portion of the order denying LSP, Oncor, Entergy, SPS, and ETEC's motions to intervene is also vacated.

**IT IS FURTHER ORDERED** that Plaintiffs file an amended complaint on or before **January 25, 2024**.

In light of this Court's order for Plaintiffs to file an amended complaint, **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (Dkt. 94), is **MOOT** as to the Commerce Clause claims. The motion remains **GRANTED IN PART** as to the Contract Clause claim.

**IT IS FINALLY ORDERED** that LSP, Oncor, Entergy, SPS, and ETEC's motions to intervene, (Dkts. 33, 49, 50, 54, and 79), are **GRANTED**. These five entities are now added as intervening parties in this case.

**SIGNED** on January 4, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE